# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

# FILED
Superior Court of California
County of Riverside
10/10/2017
asanchez

By Fax

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RON SHOEMAKER, an individual;
HOURGLASS MANAGEMENT CORPORATION dba FLEXCO
FLEET SERVICES, a Colorado corporation; SEE ATTH

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JESSICA DELISIO, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of California- Riverside <br> 4050 Main Street <br> Riverside, CA 92501 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **RIC1719077** |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brock & Gonzales, LLP, 6701 Center Drive West, Ste. 610, Los Angeles, CA 90045; 310.294.9595

| DATE: **10/10/2017** <br> *(Fecha)* | Clerk, by _____ , Deputy <br> (Secretario) *(Adjunto)* |
| --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| JESSICA DELISIO v RON SHOEMAKER, et al. | |

ATTACHMENT *(Number):* Sum-100

*(This Attachment may be used with any Judicial Council form.)*

FLEET LEASE EXCHANGE CO INC., a Colorado corporation; and
DOES 1-50, inclusive,

      Defendants.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __2__ of __2__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

**BROCK & GONZALES, LLP**
6701 CENTER DRIVE WEST, STE 610
LOS ANGELES, CA 90045
Tel: (310) 294-9595
Fax: (310) 961-3673
TIMOTHY J. GONZALES, STATE BAR NO. 234923
D. AARON BROCK, STATE BAR NO. 241919
CHRISTOPHER P. BRANDES, STATE BAR NO. 282801

**TAYLOR & RING, LLP**
1230 Rosecrans Ave., Ste. 260
Manhattan Beach, CA 90266
Tel: (310) 294-9595
Fax: (310) 961-3673
JOHN C. TAYLOR, SBN: 78389
DAVID M. RING, SBN: 151124

**Attorneys for Plaintiff**
JESSICA DELISIO

FILED
Superior Court of California
County of Riverside
10/10/2017
asanchez

By Fax

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE – MAIN**

| | |
|---|---|
| JESSICA DELISIO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RON SHOEMAKER, an individual; HOURGLASS MANAGEMENT CORPORATION dba FLEXCO FLEET SERVICES, a Colorado corporation; FLEET LEASE EXCHANGE CO INC., a Colorado corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:  **RIC1719077**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. **SEXUAL HARASSMENT IN VIOLATION OF THE FEHA;**<br><br>2. **DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>3. **SEXUAL ASSAULT, BATTERY AND RATIFICATION;**<br><br>4. **RETALIATION IN VIOLATION OF THE FEHA; and**<br><br>5. **FAILURE TO INVESTIGATE AND PREVENT IN VIOLATION OF THE FEHA.**<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES**

Plaintiff, JESSICA DELISIO, hereby brings her employment complaint, demanding a trial by jury, against the above-named Defendants and states and alleges as follows:

### THE PARTIES

1.    At all times mentioned herein, Plaintiff, JESSICA DELISIO, was an individual and a resident of the State of California.

2.    At all times mentioned herein, and at the time each of Plaintiff's causes of action arose, Defendant RON SHOEMAKER was an individual. Defendant Shoemaker was and is Plaintiff's supervisor.

3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant HOURGLASS MANAGEMENT CORPORATION ("Hourglass") is a Colorado corporation doing business as FLEXCO FLEET SERVICES in the County of Riverside, State of California, at 22424 Schooner Drive, Sun City, California 92587. Plaintiff is informed and believes, and based thereon alleges, that Defendant Hourglass was Plaintiff's employer at the time the causes of action arose.

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendant FLEET LEASE EXCHANGE CO INC. ("Fleet Lease") is a Colorado corporation doing business in the County of Riverside, State of California, at 22424 Schooner Drive, Sun City, California 92587. Plaintiff is informed and believes, and based thereon alleges, that Defendant Fleet Lease was Plaintiff's employer at the time the causes of action arose.

5.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues said Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is negligently, intentionally, or otherwise legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to the Plaintiff, as herein alleged. Plaintiff will file and serve one or more amendments to this complaint upon learning the true names and capacities of said Defendants.

### COMPLAINT FOR DAMAGES

6.     Plaintiff is informed and believes that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the injuries and damages to Plaintiff hereinafter alleged.

7.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, servant, partner, alter-ego and/or joint venturer of one or more of the other Defendants named herein. In doing the acts and/or omissions alleged herein, each of said Defendants acted within the course and scope of his or her relationship with any other Defendant; and gave and received full consent, permission and ratification to the acts and/or omissions alleged herein.

## FACTUAL ALLEGATIONS

8.     Defendants Hourglass and/or Fleet Lease (hereinafter, collectively referred to as "Flexco") are asset management companies that provide remarketing and fleet management services to corporations and government entities. Plaintiff is informed and believes, and based thereon alleges, that Defendant Shoemaker founded and owns Defendants Hourglass and/or Fleet Lease, and was the companies' CEO until a few months ago, when he assumed the position of Chairman of the Board. Defendant Shoemaker's son, Chad Shoemaker, is now the companies' CEO.

9.     Plaintiff, age 35, was recruited to work at Defendant Flexco by Defendant Shoemaker, who is approximately 65-years-old. When he first contacted her in or around October 2014, Plaintiff's father had just passed away and she was not ready to make a career move. Defendant Shoemaker, however, was persistent and called Plaintiff constantly. Eventually, she was persuaded to quit her job, where she was very successful, to join Defendant Flexco. Plaintiff was inspired by Defendant Shoemaker's representations that Defendant Flexco was a "family company" that "treats all employees like family."

10.     By all accounts, Plaintiff has excelled in her position as a sales representative with Defendant Flexco. There is not a single negative comment about her work performance in her personnel file. In fact, just recently, in or around April 2017, Plaintiff secured one of the largest contract in the company's history, and currently stands to earn substantial yearly commissions.

3
## COMPLAINT FOR DAMAGES

11.    Unfortunately, during her employment, Defendant Shoemaker has subjected Plaintiff to egregious sexually harassing conduct. The first incident of sexual harassment occurred on or about December 2, 2014, just after Plaintiff accepted the position with Defendant Flexco, when she was on her way to Ohio for training. Defendant Shoemaker asked Plaintiff to first fly to Colorado, where he was located, so they could then fly to Ohio together. At the airport, Defendant Shoemaker hugged Plaintiff and then, shockingly, kissed her on her lips. Caught off guard, Plaintiff called her husband and expressed concern about Defendant Shoemaker's intentions and whether she made a mistake in deciding to work for Defendant Flexco.

12.    The next day, Plaintiff witnessed Defendant Shoemaker kissing several other female employees of Defendant Flexco on the lips. At that point, Plaintiff shrugged-off Defendant Shoemaker's conduct, thinking it was his bizarre way of fostering a "family environment." The conduct was unwanted by Plaintiff but she believed she would only see Defendant Shoemaker a few times a year and would, therefore, have limited interactions with him.

13.    Plaintiff was mistaken. Defendant Shoemaker and Plaintiff saw each other much more than a few times a year, as Defendant Shoemaker began insisting that he accompany Plaintiff to client meetings and other work events. For instance, he showed up in Denver on February 10 through 12, 2015 for client meetings; in Orlando on April 14 through 17, 2015 for a conference; in Salt Lake City on August 4 and 5, 2015 for client meetings; in Denver on August 11 and 12, 2015 for client meetings; in Nashville from September 13 through 16, 2015 for a conference; in Salt Lake City on October 12 and 13, 2015 for client meetings; at the company Holiday Party from December 2 through 4, 2015; in Phoenix on April 4, 2016 for client meetings; and in Austin from April 18 through 21, 2016 for a conference. On all of these occasions, Defendant Shoemaker hugged and kissed Plaintiff on the lips multiple times. The conduct was unwanted and created a hostile work environment.

14.    In fact, Defendant Shoemaker *expected* Plaintiff to kiss him. Below is text he sent to her before one conference in April 2016:

---

4

**COMPLAINT FOR DAMAGES**

15.    Indeed, throughout Plaintiff's employment Defendant Flexco, Defendant Shoemaker sent inappropriate sexual text messages to Plaintiff. Below is just one example:

**COMPLAINT FOR DAMAGES**

16.     Plaintiff tried to appease Defendant Shoemaker, while focusing on work. She was beginning to make sales and was expecting to earn substantial commissions. Defendant Shoemaker's harassment, however, escalated on or about September 19, 2016, during a fleet conference in San Diego, California. While on a dinner cruise with Defendant Flexco's clients, Defendant Shoemaker approached Plaintiff from behind when she was not looking. He then grabbed and cupped her buttocks. Plaintiff was shocked and mortified.

17.     After this incident, Plaintiff began to purposefully ignore and avoid Defendant Shoemaker. Plaintiff is informed and believes, and based thereon alleges, that Defendant Shoemaker noticed her withdrawal and became worried she was documenting his improper conduct. For instance, on or about February 17, 2017, during a phone call, Defendant Shoemaker insisted that he would only talk to Plaintiff on the phone rather than email her because he did not want Plaintiff "to have anything for [her] to use against [him] in the future."

18.     However, instead of stopping the harassment, Defendant Shoemaker continued to prey on Plaintiff. On or about March 22, 2017, the next time she saw him after the incident in San Diego, Defendant Shoemaker cornered Plaintiff in an elevator on the way to a meeting with a client. He forcefully hugged her tight and tried again to kiss her on the mouth. Plaintiff turned her head away, and Defendant Shoemaker would not release Plaintiff and angrily said, *"Stop, give me a kiss."* To mitigate the chance of a physical altercation right before a serious meeting at a client's place of business, Plaintiff felt forced to allow Defendant Shoemaker to kiss her. Plaintiff felt helpless. Plaintiff had made it clear to Defendant Shoemaker that his conduct was unwelcome and unacceptable, but he would not relent.

19.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Shoemaker has sexually harassed other female employees of Defendant Flexco in the same manner as Plaintiff. Further, Plaintiff is informed and believes, and based thereon alleges, that Defendants have retaliated against these women after they complained about his conduct. Therefore, Plaintiff believed she would also be retaliated against if she continued to complain.

20.     Despite her legitimate concerns of retaliation, the next time Plaintiff saw Defendant Shoemaker in person following his assault of her in the elevator when he put his lips on hers,

6
**COMPLAINT FOR DAMAGES**

1  against her will, on or about April 26, 2017, she told him his conduct must stop. The next day, on

2  or about Thursday, April 27, 2017, she sent him an email:

3  From: **Jessica DeLisio** <jdelisio@flxfleet.com>
   Date: Thu, Apr 27, 2017 at 7:29 PM
4  Subject: Yesterday's Conversation
   To: forward-rshoe <rshoe@flxfleet.com>

5

6  Ron I want to follow up so that we are perfectly clear about Wednesday morning's conversation when I told you I'm
   not comfortable with you kissing or touching me and it must stop.

7

8  *Jessica DeLisio*

9      21.    Defendant Shoemaker completely ignored this email. Instead, Defendants retaliated

10  against Plaintiff by excluding her from client meetings and team conference calls. These subtle

11  adverse employment actions have undermined Plaintiff's job performance and ability for

12  advancement within the company.

13      22.    The harassment, retaliation and fear of losing her job began to take a toll on

14  Plaintiff's emotional state. She was unable to sleep, and was constantly stressed and anxious. On

15  or about May 11, 2017, Plaintiff's doctor took her off work to treat and recover for stress and

16  anxiety, caused by the harassment and retaliation.

17      23.    Plaintiff returned to work on or about July 25, 2017, so that she earn and living to

18  provide for her family. Since that time, Defendants have continued to retaliate against Plaintiff.

19  Among other things, her sales meetings have been canceled and Defendants are not processing

20  her sales. These actions have worsened Plaintiff's emotional state.

21                  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

22      24.    Plaintiff filed a complaint against Defendants with the Department of Fair

23  Employment and Housing ("DFEH") on August 2, 2017. The DFEH issued Plaintiff a "Right-to-

24  Sue" letter that same day. This Complaint is timely filed pursuant to that letter.

25  ///

26  ///

27  ///

28  ///

                                         7
                          **COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### SEXUAL HARASSMENT IN VIOLATION OF THE FEHA

### (Against ALL Defendants)

25.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 24 of this Complaint.

26.   At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

27.   California Government Code § 12940(a) requires Defendants to refrain from harassing an employee based on sex.

28.   Defendant engaged in unlawful employment practices in violation of the FEHA by harassing Plaintiff because her sex.

29.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

30.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial

31.   As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

COMPLAINT FOR DAMAGES

32.   Defendants' conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

## SEX DISCRIMINATION IN VIOLATION OF THE FEHA

**(Against Defendants HOURGLASS MANAGEMENT CORPORATION, FLEET LEASE EXCHANGE CO INC. & DOES 1-50)**

33.   Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 32 of this Complaint.

34.   At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendants, as Defendants regularly employed five or more persons.

35.   The FEHA requires Defendants to refrain from discriminating against any employee based on sex

36.   Defendant engaged in unlawful employment practices in violation of the FEHA.

37.   As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to <u>California Civil Code</u> § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

38.   As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

9

**COMPLAINT FOR DAMAGES**

39.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

40.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendant. In addition, Defendant had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendant's managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

## THIRD CAUSE OF ACTION

### SEXUAL ASSAULT, BATTERY AND RATIFICATION

### (Against ALL Defendants)

41.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 40, above, as if set forth in full.

42.    Defendant Shoemaker acted with intent to cause a harmful or offensive contact to Plaintiff and this offensive contact occurred. Plaintiff did not consent to being touched by Defendant Shoemaker

43.    Thereafter, Defendants ratified the harmful and offensive conduct. The conduct was perpetuated by the most influential person at Defendant Flexco, its founder and CEO. Further, Defendant Flexco's officers, including Defendant Shoemaker's son, had numerous opportunities to prevent Defendant's Shoemaker's conduct, but did nothing.

**COMPLAINT FOR DAMAGES**

44.    As a direct and proximate result of the tortious actions of Defendants, and each of them, Plaintiff has been injured. All of said injuries have caused, and continue to cause her great mental, physical pain and suffering. Plaintiff is informed and believes, and thereon alleges that said injuries will result in some permanent injury to Plaintiff, all to her general damages in a sum within the jurisdiction of this Court according to proof at time of trial.

45.    Defendants' conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to her. Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF THE FEHA

### (Against Defendants HOURGLASS MANAGEMENT CORPORATION, FLEET LEASE EXCHANGE CO INC. & DOES 1-50)

46.    Plaintiff restates and incorporates by this reference as if fully set forth herein paragraphs 1 through 45 of this Complaint.

47.    At all times herein mentioned, the FEHA was in full force and effect and were binding on Defendants, as Defendant regularly employed five or more persons. The FEHA makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice and who asserts their rights under the FEHA.

48.    Defendants' conduct as alleged above constituted unlawful retaliation in violation of the FEHA.

49.    As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff

11

**COMPLAINT FOR DAMAGES**

1    claims such amounts as damages pursuant to California Government Code § 3287 and/or § 3288

2    and/or any other provision of law providing for prejudgment interest.

3        50.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

4    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

5    as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon

6    alleges that she will continue to experience said physical and emotional suffering for a period in

7    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

8        51.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced

9    to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

10   incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

11   fees and costs under California Government Code § 12965(b).

12       52.    The actions taken against Plaintiff were carried out and ratified by officers and

13   managers of Defendants. In addition, Defendant had in place policies and procedures that

14   specifically prohibited retaliation and required Defendant's managers, officers, and agents to

15   prevent retaliation.  However, Defendants chose to consciously and willfully ignore said policies

16   and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive,

17   and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by

18   each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified,

19   and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be

20   awarded exemplary and punitive damages against each Defendant in an amount to be established

21   that is appropriate to punish each Defendant and deter others from engaging in such conduct in

22   the future.

23                              **FIFTH CAUSE OF ACTION**

24       **FAILURE TO INVESTIGATE AND PREVENT  IN VIOLATION OF THE FEHA**

25      **(Against Defendants HOURGLASS MANAGEMENT CORPORATION, FLEET LEASE**

26                       **EXCHANGE CO INC. & DOES 1-50)**

27       53.    Plaintiff restates and incorporates by this reference as if fully set forth herein

28   paragraphs 1 through 52 of this Complaint.

                                        12
                          **COMPLAINT FOR DAMAGES**

54.    At all times mentioned herein, <u>California Government Code</u> Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them.  These sections impose on an employer a duty to take immediate and appropriate corrective action to end discrimination, harassment and retaliation and take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

55.    Defendants failed to take immediate and appropriate corrective action to end the discrimination, harassment and retaliation.

56.    In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination, harassment and retaliation, and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring, Defendants violated <u>California Government Code</u> § 12940 (j) and (k), causing Plaintiff to suffer damages as set forth above.

57.    As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to <u>Civil Code</u> § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

58.    As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

59.    As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

13

**COMPLAINT FOR DAMAGES**

incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

60.    The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendant had in place policies and procedures to prevent discrimination and retaliation. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.   For general damages in an amount within the jurisdictional limits of this Court;

2.   For special damages, according to proof;

3.   For punitive damages;

4.   For medical expenses and related items of expense, according to proof;

5.   For loss of earnings, according to proof;

6.   For attorneys' fees, according to proof;

7.   For prejudgment interest, according to proof;

8.   For costs of suit incurred herein;

9.   For declaratory relief;

10. For injunctive relief; and

11. For such other relief and the Court may deem just and proper.

///

///

///

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a trial by jury.

3

4

5   DATED:      October 3, 2017                    BROCK & GONZALES, LLP

6

7

8                                          By: _____

9                                              TIMOTHY J. GONZALES

10                                             D. AARON BROCK

11                                             CHRISTOPHER P. BRANDES

12                                             Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**